UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BANK OF NEW YORK MELLON,
    *Plaintiff*,

v.

ABERTHA FLETCHER,
    *Defendants*.

No. 3:18-cv-00506 (VAB)

**RULING AND ORDER ON MOTION TO REMAND**

On May 19, 2016, Bank of New York Mellon ("Bank of Mellon" or "Plaintiff") sued Albertha Fletcher ("Defendant") in Connecticut Superior Court seeking to foreclose on her home. Pl.'s Mot. to Remand at 2, ECF No. 13.

Bank of Mellon now moves to remand this case to Connecticut Superior Court.

For the following reasons, the Court **VACATES** its Order from April 25, 2018, and **GRANTS** the motion to remand.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On July 7, 2000, Ms. Fletcher allegedly purchased a residential property located at 105 Garfield Avenue, New London, Connecticut, 06320 (the "Property"). Not. of Removal, ECF No.1-4. Ms. Fletcher allegedly executed a loan of $50,000 on December 7, 2000, from Countrywide Financial Corporation ("Countrywide") to make renovations to the Property. Def. Pl.'s Mot. to Reopen Judgment at 4,7, ECF No. 3. Sometime after December 2000, Ms. Fletcher allegedly began receiving mortgage notices from Countrywide seeking payment. *Id.* at 5. In December 2006, Ms. Fletcher allegedly received a notice of foreclosure on the Property for failure to pay the mortgage. *Id.* By February 2007, Ms. Fletcher alleges she reinstated her mortgage and began duly making payments. *Id.*

1

In May 2016, Bank of Mellon commenced a foreclosure action against Ms. Fletcher in Connecticut Superior Court, Judicial District of New London. Pl.'s Mot. for Remand at 2. Ms. Fletcher removed the case to federal court on March 26, 2018. Not. of Removal. On March 26, 2018, Ms. Fletcher also filed a motion to proceed *in foruma pauperis.*

On April 20, 2018, Magistrate Judge William Garfinkel granted Ms. Fletcher's motion to proceed *in forma pauperis*, and recommended that Ms. Fletcher's claim be dismissed under 28 U.S.C. §1915(e)(2)(B). Recommended Ruling, ECF. No 9. Ms. Fletcher timely filed an objection to Magistrate Garfinkel's recommended ruling on May 08, 2018. Obj. to the Recommended Ruling, ECF No. 15. The Court adopted the Recommended Ruling and dismissed the case on April 25, 2018. Order Adopting Recommended Ruling, ECF No. 10. The Court now vacates its ruling adopting the recommending ruling.

Bank of Mellon has also moved to remand this case to Connecticut Superior Court. Pl.'s Mot. to Remand.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a magistrate judge's recommended ruling to which an objection is made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Those portions of the recommended ruling that go uncontested will be set aside "only for clear error." *Staggers v. Colvin*, No. 3:14-CV-717 JCH, 2015 WL 4751123, at *1 (D. Conn. Aug. 11, 2015) (citing *Campbell v. Astrue*, 596 F. Supp. 2d 446, 448 n.1 (D. Conn. 2009)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Bank of Mellon argues the removal of this case is improper because Ms. Fletcher's removal is untimely under 28 U.S.C. § 1446(b), and she lacks a proper basis to invoke federal jurisdiction over the subject matter. Pl.'s Mot. to Remand at 5. Ms. Fletcher, on the other hand, argues that her case has been properly removed to this Court because the present foreclosure action should not have proceeded since Bank of America, as Ms. Fletcher alleges, did not comply with the terms of the settlement agreement from *United States v. Countrywide Financial Corporation*, No. CV11 10540-PSG (AJWx), 2011 U.S. Dist. LEXIS 150263 (C.D. Cal. Dec. 28, 2011). Obj. to Mot. to Remand at 1, ECF No. 18. Ms. Fletcher, therefore, argues that the terms of the *Countrywide Financial Corporation* settlement agreement provide this Court jurisdiction over the present action.[1] Def.'s Mot. to Retain Jurisdiction and Enforce Settlement Agreement, ECF No.11. The Court agrees with Bank of Mellon.

### A. Federal Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Webster Bank, N.A. v. Travelers Cas. & Sur. Co.*, No. 3:15-cv-00385, 2015 WL7317856, *1 (D. Conn. Nov. 20, 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Under 28 U.S.C. § 1441, a defendant in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed . . . to the

---

[1] This is the same argument Ms. Fletcher advances in her objection to Magistrate Garfinkel's recommended ruling.

district court of the United States." However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) ("A district court must remand a case to state court if at any time before final it appears that the district court lacks subject matter jurisdiction.") (internal quotations omitted).

Due to this Court's limited jurisdiction, it must "construe the removal statue narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)); *see also Leslie v. Banctec Serv. Inc.*, 828 F. Supp. 241, 347 (S.D.N.Y. 1996) ("Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."). As a result, the party opposing the motion to remand bears the burden of showing that federal jurisdiction is proper. *California Pub. Emps.' Ret. Sys. V. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("[T]he defendant bears the burden of demonstrating the propriety of removal") (quoting *Grimo v. BlueCross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d. Cir. 1994)); *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court"); *Chien v. Commonwealth Biotechs., Inc.* No. 3:12-cv-1373 (AWT), 2013 WL 2319331, at *2 (D. Conn. May 28, 2013) ("The party opposing a motion to remand bears the burden of showing that the requirements for removal have been met").

i. **Timeliness of Removal**

Bank of Mellon argues that Ms. Fletcher's removal is untimely under 28 U.S.C. § 1446(b). The Court agrees.

4

A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of the initial copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(2). Here, Ms. Fletcher filed the notice of removal on March 26, 2018. Not. of Removal. Bank of Mellon commenced this action in May 2016, and Ms. Fletcher "filed an appearance in state court in June 2016." Pl.'s Mot. to Remand at 5. Ms. Fletcher sought to remove this case nearly two years after the statutory limitation. Removal of this case to federal court thus is untimely under 28 U.S.C. § 1446(b).

The Court therefore grants the motion and remands this case to Connecticut Superior Court.

ii. **Subject Matter Jurisdiction**

Even if Ms. Fletcher had timely removed the case to this Court, and she has not, the Court lacks jurisdiction over the case.

"[T]he existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). "A defendant may remove a case from state court to federal court only if the district court would have original jurisdiction over it." *Wells Fargo Bank, National Association v. White*, No. 3:17-cv-00858 (VAB), 2018 WL 650372, at *2 (D. Conn. Jan. 31, 2018) (citing 28 U.S.C. §1441(a)).

A defendant must demonstrate that the Court has subject-matter jurisdiction because (1) the action is based on a federal question or (2) "there is complete diversity among all the plaintiffs and all defendants and the amount-in-controversy exceeds $75,000[.]" *Belcher v. Younger*, No. 2:09-cv-757 (WWE), 2009 WL 1929101, at *1 (D. Conn. July 1, 2009); *Arbaugh*

5

*v. Y& H Corp.*, 546 U.S. 500, 513 (2006) ("The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction.").

In other words, for this Court to have jurisdiction, Ms. Fletcher must demonstrate that the case raises a federal question or there is proper diversity of citizenship. She has shown neither.

### a. Federal Question Jurisdiction

Ms. Fletcher argues that this case is properly before this Court because Countrywide, which Ms. Fletcher alleges originated her loan, is not in compliance with the settlement agreement in *United States v. Countrywide Financial Corporation*, No. CV11 10540-PSG (AJWx), 2011 U.S. Dist. LEXIS 150263 (C.D. Cal. Dec. 28, 2011). Def.'s Mot. to Retain Jurisdiction and Enforce Settlement Agreement. The Court disagrees.

Federal question jurisdiction exists when a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Argaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *see also Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) (explaining that a case arises out of federal law within the meaning of § 1331 if either (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law).

"Under the 'well-pleaded complaint rule,' a defendant generally may not 'remove a case to federal court unless the *plaintiff's* complaint established that the case arises under federal law.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir.

2017) (quoting *Aetna Health Inc. v. Davila*, 522 U.S. 200, 207 (2004)). This Court therefore only has jurisdiction if Bank of Mellon's initial complaint presents a federal question of law.

Bank of Mellon commenced this foreclosure of Ms. Fletcher's residence under state law. Pl.'s Mot. to Remand at 6 ("Plaintiff's Complaint is for foreclosure, which is a state action[.]"). Ms. Fletcher therefore cannot claim that Bank of Mellon commenced this foreclosure action under a federal law. Accordingly, the Court does not have subject-matter jurisdiction on the basis of a federal question.

### b. Diversity of Citizenship Jurisdiction

Bank of Mellon argues that Ms. Fletcher is barred from removing this case to federal court as a matter of statute. The Court agrees.

A case may not be removed to federal court if the "defendant[] is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b); *accord Wells Fargo Bank, National Association*, 2018 WL 650372 at *2 ("A state court is not removable, however, based solely on diversity jurisdiction if any defendant is a citizen of the state in which the action is brought.") (citing 28 U.S.C. § 1441(b)(2)); *U.S. Bank Tr., N.A. for Wells Fardo Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2005-AR2 v. Walbert*, No. 3:17-cv-0091 (CSH), 2017 WL 4613191 (D.Conn. 20017) ("Because Defendant appears to be a citizen of Connecticut, and has not alleged that he is a citizen of any other state, and Connecticut is the state in which the civil action is brought, the foreclosure action is not removable.").

Bank of Mellon commenced this foreclosure action against Ms. Fletcher in Connecticut Superior Court. Pl.'s Mot. to Remand at 2. Assuming, without deciding, that this case satisfies the $75,000 jurisdictional threshold, Ms. Fletcher appears to be a resident of Connecticut. *See* Not. of Removal (indicating that Ms. Fletcher resides in New London, Connecticut); Pl.'s Mot.

7

to Reopen Judgment (same); Obj. to Mot. to Remand (same). Accordingly, this Court does not have subject-matter jurisdiction on the basis of diversity. *See* 28 U.S.C. § 1441(b) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").[2]

## IV. CONCLUSION

For the reasons discussed above, the Court **VACATES** its Order from April 25, 2018, and **GRANTS** the motion to remand.

The Clerk of the Court is instructed to **REMAND** this case to Connecticut Superior Court, Judicial District of New London.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of July, 2018.

                                            /s/ Victor A. Bolden
                                          VICTOR A. BOLDEN
                                          UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that, even if this case was duly removed to this Court, and it was not, the case must nonetheless be dismissed for want of subject matter jurisdiction under the *Rooker-Feldman* doctrine, consistent with Magistrate Garfinkel's Recommended Ruling. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting that the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, at 415–416 (1923) recognized that federal district courts lack the proper appellate authority to hear a claim of a state-court judgment because a party believed the judgment was wrong).